IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___ 𝒫 __ D.C.

05 APR 21   PM 1: 02

ROBERT R. Di TROLIO
CLERK OF U.S. DIST. CT.
W.D. OF TN.-JACKSON

RAYMOND CLARK,

    Plaintiff,

VS.                                                No. 04-1300-T/An

CORRECTIONS CORPORATION OF
AMERICA, ET AL.,

    Defendants.

---

ORDER ASSESSING $150 CIVIL FILING FEE
ORDER OF PARTIAL DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO EFFECT SERVICE ON THE REMAINING DEFENDANTS

---

Plaintiff Raymond Clark a/k/a Raymond E. Clark, Tennessee Department of Correction prisoner number 227052, an inmate at the Hardeman County Correctional Facility ("HCCF") in Tiptonville, Tennessee, filed a civil action pursuant to 42 U.S.C. § 1983 on November 15, 2004, along with an application seeking leave to proceed *in forma pauperis*. The Clerk shall record the defendants as the Corrections Corporation of America ("CCA"), HCCF Warden Glen Turner, and Captain Rod Brandis.

I.      Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $150.00 required by 28

U.S.C. § 1914(a).[1] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit and an inmate trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's

---

[1] Because this action was commenced prior to March 7, 2005, the new $250 filing fee is inapplicable.

account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the HCCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II.    Analysis of Plaintiff's Claims

The complaint alleges that the plaintiff, who suffers from hepatitis C, kidney

problems, high blood pressure, cirrhosis of the liver, and hip and back problems, has been prescribed various medications that apparently cause him to urinate and defecate frequently. The plaintiff complains that he has been denied access to the bathroom during recreation periods and, as a result, he has been forced to urinate outside, in view of a female corrections officer. On July 8, 2004, plaintiff was denied access to a bathroom during recreation period. On that date, he was unable to control his bowels and defecated on himself. Defendant Brandis allegedly issued a directive to the officers on duty that inmates are not permitted access to the bathroom near the recreation yard and the gym. The plaintiff seeks declaratory and injunctive relief and monetary damages.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies even though damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). In order to comply with the mandates of 42 U.S.C. § 1997e(a):

> a prisoner must plead his claims with specificity and show that they have been
> exhausted by attaching a copy of the applicable administrative dispositions to
> the complaint or, in the absence of written documentation, describe with
> specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)

(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid

a *sua sponte* dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of

discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit

documents showing complete exhaustion of their claims or otherwise demonstrate

exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative

remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the

pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

In this case, the plaintiff filed a grievance on or about July 10, 2004 against defendant

Brandis concerning this incident. After an investigation, the grievance committee

recommended that restroom facilities be made available to inmates on request during

recreation time. Defendant Turner rejected the proposed response on August 20, 2004, and

the TDOC agreed with the warden's response on September 7, 2004. Plaintiff has,

therefore, exhausted his claim against defendant Brandis. Because plaintiff's grievance does

not mention defendant Turner's role in formulating the challenged policy, he has not

exhausted his claims against Turner. Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec.

9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not

identify the warden or articulate any claim against her); Thomas v. Woolum, 337 F.3d 720,

733-34 (6th Cir. 2003); Curry, 249 F.3d at 504.[2]

The Sixth Circuit recently stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489. Accordingly, the Court DISMISSES the complaint with respect to defendant Turner, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[3]

III.    Appointment of Counsel

The plaintiff has also filed a motion seeking appointment of counsel. "There is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Pursuant to 28 U.S.C. § 1915(e)(1), a district court is vested with discretion to appoint an attorney to represent an indigent party in a civil case. McMath v. Alexander, 486 F. Supp. 156, 157 (M.D. Tenn. 1980). No funds have been appropriated to pay the fees of any appointed counsel, however, and "§ 1915[(e)(1)] does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition

---

[2]    As no Sixth Circuit decision has held that an inmate's grievance must specifically mention the corporation that operates a prison in order to exhaust his claims against that entity, the Court declines to dismiss the plaintiff's claims against CCA *sua sponte* on that basis.

[3]    As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

of exceptional circumstances is practical," <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims.  <u>Henry v. City of Detroit Manpower Dep't</u>, 763 F.2d 757, 760 (6th Cir. 1985); <u>Wiggins v. Sargent</u>, 753 F.2d 663, 668 (8th Cir. 1985).

In this case, the plaintiff's motion does not demonstrate the existence of extraordinary circumstances that would warrant appointment of counsel.  The facts concerning this claim are not complex.  Finally, the Court is aware that there is a severe shortage of attorneys willing to accept appointment to prisoner civil rights cases on a *pro bono* basis. Accordingly, the motion for appointment of counsel is DENIED.

IV.     <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for the remaining defendants, CCA and Brandis, and deliver said process to the U.S. Marshal for service.  Service shall be made on the individual defendant pursuant to Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective.  Service shall be made on CCA pursuant to Fed. R. Civ. P. 4(h)(1).  The service on the defendants shall include copies of this order.  All costs of service shall be advanced by the United States.

It is ORDERED that the plaintiff shall serve a copy of every further document filed

7

in this cause on the attorney for each defendant or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.[4]

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 21st day of April, 2005.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff may request a copy of the Local Rules from the Clerk of Court.

8

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
 case 1:04-CV-01300 was distributed by fax, mail, or direct printing on
April 26, 2005 to the parties listed.

Raymond E. Clark
HCCF-WHITEVILLE
227052
P.O. Box 549
Whiteville, TN 38075--054

Honorable James Todd
US DISTRICT COURT