# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | |
|---|---|
| RAYMOND CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | )     No. 1:04-1300 T/An |
| vs. | ) |
| | ) |
| CORRECTIONS CORPORATION OF AMERICA, et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

Plaintiff Raymond Clark ("Plaintiff"), an inmate at Hardeman County Correctional Facility in Tiptonville, Tennessee, sued Defendants Corrections Corporation of America and Captain Rod Brandis ("Defendants") pursuant to 28 U.S.C. § 1983 and other federal laws. On July 26, 2005, Defendants answered Plaintiff's complaint. On August 9, 2005, Plaintiff filed a motion that he denominated a "Motion to Strike Defendant's Answer." For the following reasons, Plaintiff's motion is DENIED.

In a previous order, this court instructed Plaintiff to familiarize himself with the Federal Rules of Civil Procedure. Rule 12(f) of those rules govern a "motion to strike." See FED. R. CIV. P. 12(f) (2005). Rule 12(f) authorizes the court to strike from a party's pleading "insufficient defense[s]" and/or any "redundant, immaterial, impertinent, or scandalous matter[s]." See id. In his motion, Plaintiff quotes both of the above grounds, but he does

not specifically indicate which defense or defenses of the Answer are "insufficient," and he likewise fails to explain when, where, or how the Defendants' Answer mentions anything "immaterial, impertinent, or scandalous." (See Pl.'s Mot. to Strike at ¶ 4).

Plaintiff's motion also mentions Rules 12(e) and 56(g) of the Federal Rules of Civil Procedure (see Pl.'s Mot. to Strike at pp. 1–2) as further grounds for court action with respect to Defendants' Answer. However, neither rule is applicable in this context.[1]

Based on the foregoing, Plaintiff's Motion to Strike Defendant's Answer is DENIED.

IT IS SO ORDERED this 22nd day of August, 2005.

_James D. Todd_

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Rule 56(g) applies in the context of a Motion for Summary Judgment. See FED. R. CIV. P. 56 (2005). No such motion has been filed in this case. Rule 12(e) allows a party to request a more definite pleading by his adversary. However, the pleading must be one to which a responsive pleading "is permitted" under the rules or by court order. See FED. R. CIV. P. 12(e), 7(a). Because this court has not ordered a reply to Defendants' Answer and because the rules do not otherwise "permit" responses to answers (see FED. R. CIV. P. 7(a)), this is not the proper context in which to move for a more definite statement.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 1:04-CV-01300 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

Raymond E. Clark
HCCF-WHITEVILLE
227052
P.O. Box 549
Whiteville, TN 38075--054

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT